1  MCGREGOR W. SCOTT
United States Attorney
2  KATHLEEN A. SERVATIUS
Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
Fresno, CA 93721
4  Telephone:  (559) 497-4000
Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9
                     EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,                  **CASE NO.  1:20-CR-00121 NONE-SKO**

12                          Plaintiff,         **STIPULATION TO CONTINUE STATUS**
                                               **CONFERENCE AND PROPOSED ORDER**
13               v.                            **THEREON**

14  LUPE AIME BUSIO-VALENCIA, ET. AL,
                                               Date: November 16, 2020
15                          Defendants.        Time: 1:00 p.m.
                                               Honorable Sheila K. Oberto
16

17        The United States of America, by and through MCGREGOR W. SCOTT, United States

18  Attorney, and KATHLEEN A. SERVATIUS, Assistant United States Attorneys, and the defendants, by

19  and through their respective attorneys of record, hereby stipulate to continue the status conference in this

20  case from November 16, 2020 until February 21, 2021 at 1:00 p.m.

21        On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the

22  Eastern District of California until further notice.  This General Order was entered to address public

23  health concerns related to COVID-19.  Further, pursuant to General Order 611 and 620, this Court's

24  declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's

25  Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district

26  judges to continue all criminal matters to a date after May 1, 2021.[1]

27
_____
28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION TO CONTINUE STATUS CONFERENCE
                                               1

1    Although the General Orders and declaration of emergency address the district-wide health

2  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

3  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

4  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

5  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such

6  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

7  (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit

8  findings on the record "either orally or in writing").

9    Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

10  and inexcusable—General Orders 611, 612, 617, 618, and 620 and the subsequent declaration of judicial

11  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

12  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

13  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. §

14  3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the

15  case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

16  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

17    The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

18  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

19  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

20  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

21  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

22  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

23  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

24  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

25  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

26  by the statutory rules.

27    In light of the societal context created by the foregoing, this Court should consider the following

28  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

STIPULATION TO CONTINUE STATUS CONFERENCE          2

1  justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

2  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

3  pretrial continuance must be "specifically limited in time").

4        The parties request that time be excluded between November 16, 2020 and February 17, 2021 for

5  the following reasons:  the defendants need additional time to review the discovery, consult with their

6  clients, and conduct further investigation.  The case involves the seizure of a large amount of drugs and

7  the laboratory analysis is pending.  In addition, the discovery includes several hundred pages and

8  cellphone analysis in the form of several gigabytes.  The proposed status conference date represents the

9  earliest date that all counsel are available thereafter, taking into account counsels' schedules, defense

10  counsels' commitments to other clients, and the need for preparation in the case and further

11  investigation.  In addition, the public health concerns cited by General Order 611, 612, 617, 618, and

12  620 and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in

13  this case because counsel or other relevant individuals have been encouraged to telework and minimize

14  personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the

15  hearing proceed and it is difficult for defense counsel to meet with their clients and review discovery.

16        The parties further believe that time should be excluded, in that failure to grant the requested

17  case schedule would unreasonably deny the defendants continuity of counsel, and unreasonably deny

18  both the defendants and the government the reasonable time necessary for effective preparation, taking

19  into account the parties' due diligence in prosecuting this case.  18 U.S.C. Section 3161(h)(7)(B)(iv).

20  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the

21  interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial

22  ///

23  ///

24  ///

25  ///

26

27      [2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

28

1    Act.  Therefore, the parties request that the Court exclude the time between November 16, 2020 and

2    February 17, 2021 rfom calculations under the Speedy Trial Act.

3      Dated: November 12, 2020                    MCGREGOR W. SCOTT
                                                    United States Attorney
4

5                                                   /s/ *Kathleen A. Servatius*
                                                    KATHLEEN A. SERVATIUS
6                                                   Assistant United States Attorney

7
     Dated:  November 12, 2020                      /s/ *Nick Reyes*
8                                                   Attorney for Lupe Busio -Valenica

9
     Dated:  November 12, 2020                      /s/ *David Balakian*
10                                                  Attorney for Defendant Juan Garcia-Herrera

11

12                              **ORDER**

13       IT IS HEREBY ORDERED that the status conference in this case be continued from November

14   16, 2020 until February 17, 2021 at 1:00 p.m.

15       IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as

16   requested outweigh the interest of the public and the defendants in a trial within the original date

17   prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of

18   computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

19   commence, the time period of November 16, 2020 and February 17, 2021, inclusive, is deemed

20   excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by

21   the Court at the parties' request on the basis of the Court's finding that the ends of justice served by

22   taking such action outweigh the best interest of the public and the defendant in a speedy trial.

23

24

     IT IS SO ORDERED.
25

26   Dated:   **November 12, 2020**              /s/ *Sheila K. Oberto*
                                                 UNITED STATES MAGISTRATE JUDGE
27

28

     STIPULATION TO CONTINUE STATUS CONFERENCE
                                                      4